DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PETER MANYAK,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-1874

_____

July 8, 2026

Appeal from the Circuit Court for Sarasota County; Dana M. Moss, Judge.

J. Andrew Crawford of J. Andrew Crawford, P.A., St. Petersburg, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and James A. Hellickson, Assistant Attorney General, Tampa, for Appellee.

PER CURIAM.

On remand from this court's opinion in *Manyak v. State*, 414 So. 3d 263 (Fla. 2d DCA 2025), the circuit court entered an order attempting to clarify its reasoning for denying a downward departure as required by *Banks v. State*, 732 So. 2d 1065 (Fla. 1999). Unfortunately, however, we must reverse again because the new order is also inadequate.

The order states that the court "concluded that the evidence presented was insufficient to establish that Mr. Manyak suffered from a mental disorder that required specialized treatment." Despite this

finding, the court went on to state that it accepted that Manyak was amendable to treatment and that his alleged disorders were unrelated to substance abuse or addiction. In the context of this case, these findings appear contradictory.

The circuit court continued, undercutting its own apparent findings by noting that "[s]hould the appellate court find that there was sufficient evidence in the record to support that the Defendant has a mental disorder that requires specialized treatment, the Court agrees resentencing would be appropriate." As the record evidence on this point was conflicting, we read this as an invitation for this court to reweigh the evidence, which we cannot do. *See Banks*, 732 So. 2d at 1067. Rather, the circuit court must make clear factual findings in the first instance; our role is to review those findings to determine whether they are supported by competent substantial evidence. *Id.*

Finally, the circuit court explained that it "likely would not have imposed the same guideline sentence had the first prong of *Banks* been satisfied." This statement compounds our concerns because the outcome turns on the factual question that the circuit court has failed to clearly answer. Accordingly, we must reverse and remand for the circuit court to make clear findings pursuant to the two-part process set forth in *Banks*.

Reversed and remanded with instructions.

NORTHCUTT, VILLANTI, and KHOUZAM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

2